**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | } } } | |
| Plaintiff, | } } | CIVIL ACTION NO. |
| v. | } } | |
| **TOMELDON CO., INC. d/b/a PHARMACY SOLUTIONS** | } } } | JURY TRIAL DEMAND |
| Defendant. | } } } | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to make whole Charging Party Arian Lemon and similarly situated aggrieved individual Emilee Stephens, who were adversely affected by such practices. The Commission alleges that the Defendant, Tomeldon Co., Inc., d/b/a Pharmacy Solutions discriminated against Arian Lemon and Emilee Stephens by terminating them based on their sex, female, and because of their pregnancies.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Sec. 1981a.

**COMPLAINT**                                                                                                                  **1**

2.    The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Texas, Dallas Division.

## PARTIES

3.    Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII of the Civil Rights Act of 1964, as amended and is expressly authorized to bring this action by Section 706(a) of Title VII, 42 U.S.C. § 2000e-5(a).

4.    At all relevant times, Defendant, Tomeldon Co., Inc., d/b/a Pharmacy Solutions ("Defendant") has continuously been and is now doing business in the State of Texas and has continuously had at least fifteen employees.

5.    At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. §2000e-(b), (g) and (h).

## STATEMENT OF CLAIMS

6.    More than thirty days prior to the institution of this lawsuit, Arian Lemon filed a charge with the Commission alleging violations of Title VII of the Civil Rights Act of 1964, as amended, by the Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.    During the employment of Arian Lemon and Emilee Stephens, the Defendant engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42

U.S.C. § 2000e-2(a)(1) by terminating the employment of Arian Lemon and Emilee Stephens because of their pregnancies.

Lemon worked as a Pharmacist for Defendant.  She notified Defendant's owner and president of her pregnancy in approximately June 2012.  Beginning in November 2012, Defendant's president started making comments and remarks about Lemon's pregnancy as her doctor visits became more frequent.  Lemon began maternity leave in January 2013.  While she was on maternity leave, in March 2013, Defendant's president terminated Lemon's employment.

Emilee Stephens worked as a Pharmacy Technician for Defendant.  Stephens informed Defendant's president that she was pregnant by leaving a note for him that included a request that she switch her days off in order to see her doctor.  Defendant's president made negative comments to Ms. Stephens based upon her pregnancy. In March 2013, Defendant's president terminated Stephens' employment.

8. The result of the foregoing practices has been to deprive Arian Lemon and Emilee Stephens of equal employment opportunities because of their sex, female.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Arian Lemon and Emilee Stephens.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

  A. Grant a permanent injunction enjoining the Defendant, Tomeldon Co., Inc., d/b/a Pharmacy Solutions, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of sex and/or pregnancy.

  B. Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees, including pregnant females, and which eradicate the effects of its past and present unlawful employment practices.

  C. Order the Defendant to make whole Arian Lemon and Emilee Stephens by providing appropriate back pay with prejudgment interest in amounts to be determined at trial, pecuniary losses, compensatory damages including out-of-pocket expenses, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

  D. Order the Defendant to make Arian Lemon and Emilee Stephens whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including but not limited to out-of-pocket job hunting and medical expenses.

  E. Order the Defendant to make Arian Lemon and Emilee Stephens whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including but not limited to, pain and suffering, humiliation, embarrassment, emotional distress, anxiety, and loss of enjoyment of life, in amounts to be determined at trial.

    F.    Order the Defendant to pay Arian Lemon and Emilee Stephens punitive or exemplary damages for its intentional, malicious conduct or reckless indifference described and referenced in paragraph 7 above, in an amount to be determined at trial.

    G.    Grant such further relief as the Court deems necessary and proper in the public interest.

    H.    Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN Y. REAMS
Associate General Counsel

ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

SUZANNE M. ANDERSON
Supervisory Trial Attorney
Texas Bar No. 14009470

/s/ Joel P. Clark
JOEL P. CLARK
Senior Trial Attorney
Texas State Bar No. 24050425

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 South Houston Street
3rd Floor
Dallas, Texas75202
 No. (214) 253-2743
Fax No. (214) 253-2749

ATTORNEYS FOR PLAINTIFF EQUAL
EMPLOYMENT OPPORTUNITY
COMMISSION

**COMPLAINT**                                                                                           **6**